(June 8, 1990)

■ In the Matter of ALAN L. GEBELL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in January 1972.

In November 1989, petitioner commenced a disciplinary proceeding against respondent charging him with (1) failure to comply with an agreement made with this court in 1986 (at a time when he was serving as a part-time Assistant District Attorney for Schenectady County) that he would discontinue his private practice except for the representation of two educational entities, (2) neglect of a legal matter entrusted to him, (3) failure to respond to inquiries from and on behalf of his client and (4) failure to cooperate with petitioner in its investigation of inquiries against him and with respect to his application for permission to resume the unrestricted practice of law.

Respondent's difficulties with petitioner began in November 1985 when he was requested to reply to a complaint filed with petitioner by one of his clients alleging neglect of an estate. Respondent failed to reply and thereafter was ordered by this court to appear for examination by petitioner. During the examination, respondent stated that he was unable to explain why he did not reply, but that he believed his problem was an emotional one and that he was consulting with a psychotherapist. At petitioner's request, the psychotherapist provided it with a report stating that respondent was suffering from depression, that his condition was exacerbated by anxiety about not completing tasks and that the problem was complicating his ability to function on the job. Based on this report, petitioner moved in May 1986 to suspend respondent from practice indefinitely by reason of mental irresponsibility. Replying to the motion, respondent stated that he was closing his law office and requested permission to continue as an Assistant District Attorney for Schenectady County and as counsel to a central school district and to a junior college. He also submitted affidavits from the District Attorney of Schenectady County and his psychotherapist which supported the conclusion that he would be able to maintain his obligations as an attorney in a structured and limited setting. By decision

dated June 27, 1986, this court, after noting respondent's statement that he was discontinuing his private practice except for the representation of two educational entities, denied petitioner's motion to suspend him "inasmuch as it appears respondent is capable of functioning effectively as an attorney in these specifically limited and defined areas of practice."

In October 1988, respondent moved to modify the decision of June 27, 1986 so as to permit him to resume the general practice of law. By decision dated November 29, 1988, the court directed that the motion be held in abeyance pending respondent's examination to determine whether he was fit to resume the unrestricted practice of law and whether he had complied with his undertaking to limit his practice of law. Respondent was examined in January 1989 by a psychiatrist selected by petitioner who reported that respondent was capable of resuming the unrestricted practice of law. Respondent was examined by petitioner in July 1989 with respect to whether he had complied with his undertaking to limit his practice and with respect to two complaints received by petitioner in 1989.

In November 1989, as previously noted, petitioner commenced the instant disciplinary proceeding by serving a petition containing four charges of professional misconduct. After respondent failed to answer the petition, petitioner moved for a default judgment. Thereafter respondent filed an affidavit in which he either acknowledged or admitted the charges of misconduct. By decision dated March 20, 1990, petitioner's motion for a default judgment was granted and the matter was set down for oral argument on May 10.

Prior to argument, the District Attorney of Schenectady County filed an affidavit in which he stated that respondent is his chief drug prosecutor and the key trial attorney in his office, that he is familiar with the charges against respondent and can advise the court that respondent's errors and omissions all relate to his private practice and not to his services in the public sector and that in the event respondent is permitted to continue to practice law, he would agree to employ respondent as a full-time Assistant District Attorney and would require him to sign an agreement acknowledging that he would not engage in the private practice of law and that he would forfeit his employment if he breached such agreement.

During oral argument, respondent's attorney stated that respondent was desirous of accepting a full-time position with

the District Attorney's office and giving up all private practice. Respondent's attorney was requested to furnish a current report from the psychologist treating respondent concerning his condition and its effect on his capacity to practice law. He was also requested to furnish a statement from the District Attorney that he would convert respondent's present position to a full-time position and offer it to respondent and a statement from respondent that he would accept such position when offered and withdraw from the private practice of law. Such statements have been received and we note that the psychologist indicated that he does not believe that the problems respondent encountered in his private practice would effect his work as a prosecutor since respondent's ability to carry out his responsibilities in the District Attorney's office would very likely not be influenced by the same factors that affected his private work. In addition, we note that respondent accepted a full-time position with the District Attorney of Schenectady County and withdrew from all private practice on May 28, 1990.

In determining an appropriate sanction for respondent's misconduct, it is apparent that respondent's difficulties have resulted from his inability to properly maintain a part-time private practice while holding a part-time position as an attorney in the public sector. Having now accepted a full-time position with the District Attorney's office and withdrawn from the private practice of law, we have concluded that the ends of justice will be adequately served in this instance by a censure.

Motion to modify decision dated June 27, 1986 denied; respondent censured. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.